GRANT MILLER v. THE TERRITORY OF OKLAHOMA.

(Filed September 5, 1905.)

1. CRIMINAL LAW—Evidence—Sufficient,When. When the evidence reasonably supports a verdict, the judgment rendered thereon will be sustained even though the greater number of witnesses may have testified favorably to the other side.

2. SAME—Interest of Witness May Be Shown, How. It is not error to ask a witness for the defendant any question which is reasonably calculated to disclose his interest in the result of the trial; and where a witness has signed an affidavit for a change of venue the prosecution may ask him in relation thereto. It is then the province of the jury to say as to whether he has an interest in the outcome of the case and as to whether such interest in any degree influenced his testimony.

3. SAME—Contempt of Court in Presence of Jury—Not Error to Punish. One George Hodges, was indicted with the defendant. On the trial the defendant asked that the witnesses be excluded from the court room, and the court made the desired order, and also stated to the defendant and his counsel that if they expected to use Hodges as a witness, he should be excluded from the court room also. Hodges remained outside for a short time and then, with the consent of the defendant and his attorneys, returned to the court room and listened to the trial. He was, by the defendant, offered as a witness. When his testimony was concluded, the court, in the presence of the jury, ordered him to be taken into custody to answer for contempt in violating the order of the court in returning to the court room when the witnesses had been excluded: the court stating at the time that he would dispose of the matter after the trial was over. Held, that. as the witnesses were excluded at the request of the defendant and the court's order was violated with his knowledge and consent, all of which was known to the jury, he cannot complain of the action of the court looking toward the punishment of a witness for violating such order.

4. TRIALS—Questions by Court. A trial court may, in its discretion ask proper questions of witnesses in a criminal, as well as civil, case, for the purpose of eliciting the real facts. Courts are organized for the administration of justice, and so long as the court does not, by its questions or conduct, indicate its views as to the matters at issue, a defendant will not be heard to complain of any question asked by it which is reasonably calculated to elicit the truth. (DeFord v. Painter, 3 Okla., 80; 41 Pac., 96.)

5. TRIALS—Remarks of Trial Court. It is not every improper remark of a trial court that will justify a reversal of a criminal case. If the remarks are such that might reasonably influence the jury against a defendant, a new trial should be granted; but if, after a full consideration of the entire record, it is clear that the verdict is right, and that, even if the remarks had not been made, the jury could not reasonably have returned a different verdict, the judgment will be affirmed.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

*Temple Houston, W. W. Snoddy & Son, H. A. Noah,* and *D. P. Marum,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Ass't.,* for defendant in error.

Opinion of the court by

BURWELL, J.: The defendant, Grant Miller, was convicted of stealing 13 cows, and was sentenced to serve a term of seven years in the territorial penitentiary. It is contended that the evidence did not justify the verdict. We have examined the transcript, and are satisfied that it is sufficient. In fact it makes out a strong case against the defendant.

During the cross examination of one of the defendant's witnesses, the prosecuting attorney asked him if he was not a warm friend of the defendant, and he answered in the negative. He was also asked if he had not made an affidavit for the defendant for a change of venue, and during his examination on this point the court asked what caused him to take sufficient interest in the matter to lead him to make the affidavit. This was not error. The record clearly shows that the questions were asked for the sole purpose of enabling the jury to determine as to whether or not he had any feeling or

interest in the result of the case. The admitting or excluding of this evidence was a matter largely within the discretion of the court. We cannot say that there has been an abuse of that power.

George Hodges was jointly indicted with this defendant. At the commencement of the trial all of the witnesses, at the defendant's request, were sworn, admonished and excluded from the court room. Hodges with the consent of defendant's counsel (with the exception of Mr. Marum who subsequently stated to the court that he had nothing to do with it) returned to the court room, and heard the evidence and proceedings of the trial until he was called to testify as a witness for the defendant. The court asked counsel if the witness had not been present in the court room, and they said that he had. They further stated that they had conferred together and had concluded that he probably could not testify in any event, but that it was always the intention of counsel to test the question of his qualification. The court then informed the counsel that the witness might testify, but that, if he did, he would be punished for contempt for disobeying the order of the court, as Mr. Hodges and counsel had been specifically informed that he should be excluded from the court room if he was to be used as a witness. He took the witness stand and testified, and when his testimony was concluded the court ordered the sheriff to take him into custody to be detained to answer for contempt in disobeying the court's instruction. Was the court's action prejudicial to the defendant, and, if so, can he complain? A defendant, when charged with crime, has the lawful right to try his own case, or he may be represented by counsel, for whose acts and conduct, in the trial of his case, he is responsible. In the

light of the record it is fair to assume that the defendant knew that Hodges had been given permission by his attorneys to remain in the room, but, whether he did or not is immaterial, as they were his representatives, and he was bound to take notice of what was transpiring in court in the trial of his cause. He knew that Hodges was in the room. He also knew that the court had referred to him and stated that, if he was to be used as a witness, he should remain outside. The court acted in the utmost good faith in calling attention to Hodges before the taking of evidence began, while the conduct of counsel merits disapproval. If they thought that they had a right and intended to use him, they should have insisted that he follow the admonition of the court; and if they let him remain in the court room after consultation together, under the honest belief that the law excluded him from testifying as a witness, by every rule of legal ethics he should not have been offered. It is argued that the order of the court in directing Hodges to be held for contempt was calculated to weaken his testimony before the jury. But whether calculated to weaken his testimony or not, the condition was brought about by defendant's own counsel, and the facts were known to the jury and were such as to reasonably call for discipline; and there is no difference in principle between this case, on this point, and any other open, wilful contempt of court committed during the trial of a criminal cause.

It is the duty of trial courts to guard well their expressions, and to act with dignity and discretion, to the end that the jurors may not be influenced by anything except the evidence, and they should be left to make their own deductions therefrom. Attorneys also owe an equally high duty to the

court. They should not be permitted to enjoy the benefits derived from questionable conduct unnoticed; for, if such were the case, then the services of the lawyer who acts from a high sense of duty would be unsought, and the lawyer who adopts unprofessional means would be able to render his client the more valuable service. A defendant is entitled to a fair and impartial trial; but this does not mean that the prosecution alone shall be fair, and the defendant left to take advantage of every cunning within his power; and where he or those who represent him, with his knowledge, do wrongful acts, while engaged in his defense, which reflect discredit upon him or his witnesses, it is only just that he should suffer the consequent inferences flowing therefrom, should those facts become known to the jury. The court did not punish Hodges before the jury. It only ordered him held to answer for contempt, and stated that he would dispose of it after the trial then in progress had closed. Considering all that transpired, the defendant has no just ground of complaint.

It is next claimed that the court erred in asking certain witnesses questions during the trial. With this contention we cannot agree. The court may, in its discretion, ask proper questions of witnesses for the purpose of eliciting the truth; and it is not only proper, but conditions arise sometimes wherein it becomes its absolute duty to do so. A court should never assume the attitude of a prosecutor, nor should it indicate to the jury by its manner or the form of its questions what it thinks of the merits of the case on trial; but a case will not be reversed on this ground except where there has been a clear abuse of judicial discretion.

The appellant next insists that, during the trial of the case, the court made remarks which were prejudicial to the de-

fendant. Judging from what appears in the record, the trial was not a pleasant one. The feeling between the court and counsel for defendant was somewhat strained throughout the entire hearing, and the court, on numerous occasions, criticized the conduct of defendant's attorneys, insisting, in effect, that they were endeavoring to make the trial as unpleasant as possible. There are some things in the record that point in this direction. But the court had the power, if this was true, to correct the wrong summarily, and it was not compelled to excuse the jury to do so. It, however, did not confine itself to reproof when deserved, but gave utterance reflecting upon the good faith of counsel where no offense ought to have been inferred. But, we have read the entire record (which is a very long one, containing between eleven and twelve hundred pages) and are firmly convinced that the defendant is guilty of the crime charged against him, and we cannot say that the court erred in any matter which probably affected the result of the trial. We have not discussed separately all of the assignments of error, but have considered them all and, after considering the entire record, have concluded that the judgment ought to be affirmed. It is so ordered.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.