## W. A. RICHARDS v. STATE.

No. A-3870.   Opinion Filed Jan. 4, 1923.
(211 Pac. 515.)

### (Syllabus.)

1. **Appeal and Error—Verdict on Substantial Evidence not Disturbed.**—The jury are the sole judges of the weight of the evidence, and where there is substantial evidence to support a verdict this court will not disturb such verdict on the ground of insufficiency of evidence.

2. **Appeal and Error—Insufficient Showing in Motion for New Trial—Improper Argument of Prosecution.**—A mere recital in a motion for a new trial that the county attorney made certain remarks in his argument to the jury, without any independent showing that such remarks were made or any showing as to what preceded or what followed the alleged prejudicial remarks, is not of itself sufficient ground for disturbing a verdict.

Appeal from District Court, Carter County; Thos. W. Champion, Judge.

W. A. Richards was convicted of assault with a dangerous weapon, and he appeals. Affirmed.

R. Brett and Jas. H. Mathers, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Plaintiff in error, W. A. Richards, in this opinion referred to as the defendant, was by information

filed in the district court of Carter county on October 1, 1918, charged with an assault with a dangerous weapon upon the person of Frank Jones. At the trial, on April 8, 1920, by a verdict of the jury the defendant was found guilty as charged, and his punishment assessed at confinement in the state penitentiary for a term of a year and a day. From the judgment on this verdict defendant appeals.

The verdict of conviction in this case rests almost wholly upon the testimony of the prosecuting witness, Frank Jones. The defense was predicated wholly upon the testimony of the defendant himself. The difficulty occurred in the town of Wirt, at about 2 o'clock in the morning, with no witnesses present excepting the defendant and the injured party, Jones.

Jones had been a resident of Carter county for about 20 years, where he had been a farmer for some years, had worked in the oil fields more or less for 6 or 7 years, and was at the time of the difficulty night policeman or watchman in the town of Wirt. The defendant was also a resident of Carter county for some years, engaged in various occupations, and having at the time of the tragedy a number of head of cattle. About a year previous to this difficulty he had been sent to the penitentiary, and had just recently been released. The two men were friends, and had had no previous trouble.

The injured man, Jones, testified that he was sitting on a projection of a house, next the sidewalk, in the town of Wirt, when a shot fired by the defendant struck near his feet and knocked dirt up into his lap; witness got up and walked to the edge of the sidewalk to see from whence the shot was fired; he then stepped back a few steps and was shot through the leg, which caused him to fall to the ground; witness then saw the defendant standing between two cars, with his gun in his hand; witness thereupon drew his gun, and defendant

dropped down behind one of the cars; three or four shots more were fired by the defendant; after the witness was shot in the leg, he said to the defendant, "Speck, what are you doing?" After being so recognized, defendant fired one or two more shots; the witness then retreated down an alley, and when he came out of the alley defendant opened fire upon him again, shooting three or four times. Witness then went into a cafe, where he received medical attention.

The defendant's story of the difficulty was, in substance, that he went to his car, preparing to go home, when two shots were fired at him by some person in the alley; that he returned the shots, firing two or three times; that the person firing then called to the defendant, and that defendant then for the first time recognized him as Frank Jones; that after they recognized one another no more shots were fired; that defendant and Jones were the best of friends, and had had no previous difficulty of any kind.

It was the theory of the defendant that Jones and one Kendall had had trouble earlier in the evening, and that Jones fired upon the defendant, believing him to be Kendall, and that Jones' story of the difficulty was a fabrication, invented for the purpose of justification. Upon either theory of the case, so far as the record before us discloses, there was no sufficient motive shown.

But two assignments of error are urged in the brief: First. It is claimed that the evidence is insufficient to support the verdict. Second. Complaint is made that the court erred in refusing to set aside the verdict because of improper remarks made by the county attorney in his closing argument to the jury.

Upon the first proposition enough has been said to show that there was substantial evidence to sustain the verdict. The jury are the sole judges of the weight of the testimony.

The grounds for the next assignment of error were not properly preserved in the record, and there is no sufficient showing to bring this question to the notice of this court. A mere recital in a motion for a new trial that the county attorney made certain remarks in his argument to the jury, without any independent showing that such remarks were made or any showing as to what preceded or what followed the alleged prejudicial remarks, is not of itself sufficient ground for disturbing a verdict. Proctor v. State, 22 Okla. Cr. —, 211 Pac. 1057; Sanditen v. State, 22 Okla. Cr. 14, 208 Pac. 1040; Payne v. State, 21 Okla. Cr. 416, 209 Pac. 334.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.