## JOHN FIXICO v. STATE.

No. A-6282. Opinion Filed Jan. 28, 1928.
(263 Pac. 171.)

96

Stephenson, Profitt & Stephenson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, John Fixico, was tried upon information whirh charged, in substance, that in Okfuskee county, on or about the 26th day of October, 1925, he did feloniously make an assault in and upon the body of one Eunice McKinney with a deadly weapon, a knife, and then and there with said knife unlawfully, feloniously, without authority of law, and with a premeditated design to effect his death, did cut and stab the said McKinney, thereby inflicting certain mortal wounds of which said mortal wounds so inflicted the said McKinney did then and there die.

On the trial the jury returned a verdict finding him guilty of manslaughter in the first degree and fixing his punishment at imprisonment in the penitentiary for a term of 5 years. Motion for new trial was duly filed and overruled, and on January 30, 1926, the court pronounced judgment in pursuance of the verdict. From the judgment an appeal was duly perfected.

The main, if not the only, question presented is whether the evidence was sufficient to sustain the verdict.

The undisputed facts are that John Fixico stabbed his brother-in-law, Eunice McKinney, twenty-eight or

twenty-nine times in various parts of the body with a knife, eight of the wounds being in the vicinity of the heart; at the time of the stabbing the defendant and the deceased were in the back seat of a Ford touring car, which belonged to the deceased. Sam McKinney, the son of the deceased, and Henry Buckley were riding in the front seat of the car; Sam McKinney was driving the car. All these parties were Indians, and all were somewhat intoxicated. Nobody seems to have seen just how the difficulty started or what caused it.

Sam McKinney, son of the deceased, testified that they drove to Weleetka and there got some whisky, then drove east of town and drank it, and from there they drove to Henry Buckley's, and from there they started back to Weleetka, and while he was driving along he heard a noise and looked to see what was going on, and saw the defendant and the deceased scuffling, and he tried to make them quit; that he stopped the car and tried to open the door and let his father out, and the defendant stabbed him with a knife near the temple; that Henry Buckley was asleep on the front seat, and he woke up, got out of the car, and said to the defendant that was enough, that his father died within five minutes after the fight; that this occurred in Okfuskee county, about two hundred feet from the home of the defendant. The clothes that the deceased wore at the time were introduced in evidence.

At the close of the evidence for the state, the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled.

Henry Buckley testified that the deceased and his son, Sam, were both pretty drunk, and that the defendant was not drunk; that he did not know just how the fight started; that when he looked the deceased had the defendant down on the seat and was choking

him; that he pulled him off and threw him over, and the defendant started to hit at him, and Sam McKinney came up, and the defendant hit him; that witness had been drinking but was not drunk, and the defendant seemed like he was drinking but he was not drunk.

As a witness in his own behalf, the defendant testified:

"I was sitting on the left side and he was on the right side, and I was just sitting straight, and I looked off and didn't say a word, and he just grabbed me and pushed me on the floor of the car, and he began to holding here (indicating) and squeezed my head, and I tried to push him off first time, and I had to get my knife and cut him. I know if I didn't have no knife he would kill me, and he would be sitting on this stand instead of me; if I didn't get out that knife, I wouldn't be setting up here now."

He was then asked:

"Q. The only reason that you stabbed McKinney was for fear you were going to lose your own life; wasn't that it, John? A. Yes, sir."

It is urged that:

The evidence in the case "is not only sufficient to raise a reasonable doubt, but it is sufficient to show absolutely that the defendant acted in his own self-defense, and at the time the defendant struck the deceased with his knife, he, the defendant, actually believed that his life was in danger."

And further, that:

"Nowhere in the evidence can it be found where any witness testified that the wound so inflicted by John Fixico was such as would produce death, or the death of the said Eunice McKinney was caused by the wounds inflicted by John Fixico."

An examination of the record leaves no doubt in

our minds as to the sufficiency of the evidence to justify submitting to the jury the question as to the defendant's guilt.

The motion for a directed verdict was therefore properly overruled.

Assuming that the deceased was the aggressor, the rule is well settled that the bare belief of one assaulted that he is about to suffer death or great personal injury will not, in itself, justify him in taking the life of his adversary. There must exist reasonable ground for such belief at the time of the killing, and the existence of such ground is a question of fact for the jury. Hunt v. State, 29 Okla. Cr. 255, 233 P. 506.

The right to take another's life in self-defense is not to be tested by the honesty or good faith of the defendant's belief in the necessity of the killing, but by the fact whether he had reasonable grounds for such belief. Lee v. State, 33 Okla. Cr. 370, 244 P. 455.

As to the question of the sufficiency of the evidence to show that the wounds inflicted by the defendant were sufficient to produce death, there can be no doubt. The testimony of the undertaker and three or four other witnesses was to the effect that there were seven or eight stab wounds in the breast near the heart.

No other reason for reversing the judgment being urged and no substantial error appearing in the record, the judgment appealed from is affirmed.

EDWARDS and DAVENPORT, JJ., concur.