## JOE WHISENHUNT v. STATE.

No. A-6295.   Opinion Filed April 28, 1928.
(266 Pac. 792.)

E. E. Ammons, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county for the crime of manslaughter in the first degree, and was sentenced to serve a term of four years in the state penitentiary.

The record discloses a state of facts about as follows:   At the time charged several persons, including the deceased and the defendant, were engaged in a poker game in a tent not far from the city of Eufaula. A dispute arose as to who won a certain "pot."   Both deceased and defendant claimed they had won the money, and both seized it.   A fight resulted between defendant and deceased, in which defendant had the

better of it. The parties then went outside the tent, and the trouble was continued, and there defendant struck deceased in the face with a frying pan. Then defendant, his brother, and another of the party left, defendant having an open knife in his hand. Deceased declared he had won the money taken by defendant, and that he was going to get it from him. He followed defendant and those who were leaving and overtook them about 50 or 60 yards from the tent. As he started to follow them, he picked up a stick; some of the witnesses say about a foot and a half in length and about as large or a little larger than a man's thumb. Other witnesses state it was a larger club. When he overtook defendant, defendant turned, and the evidence is conflicting whether he immediately stabbed him, or whether deceased struck at defendant with a stick before he was stabbed. Deceased, when struck, immediately ran, crying out that defendant had cut him; defendant pursued until stopped by another member of the party. Defendant testified: That during the fight in the tent he saw deceased with a pocketknife, that he knocked deceased down, and he dropped the knife, and the brother of defendant picked it up. That he went outside and there opened his own knife, but when he left the tent and started away he closed it. That as he was going away with his brother and another person, his brother called, and he again opened his knife, and as deceased struck at him with a stick he cut him, and deceased grabbed his side and hollered and then ran, and he pursued him for about 30 yards.

Very few exceptions were taken in the course of the trial, and none to the charge of the court which covered fully and fairly the law of self-defense. The only contention argued is that the evidence discloses a case of self-defense and is insufficient to sustain the verdict and judgment. There is no great conflict in the

evidence; the principal contention is relative to the size of the stick in the hands of deceased. If the evidence were undisputed that defendant as a reasonable man acted in his necessary self-defense, he would be entitled to be discharged, but if there is evidence from which the jury could logically conclude that defendant used more force than was reasonably necessary to resist the attack or threatened attack of the deceased, the verdict should stand. Lee v. State, 33 Okla. Cr. 370, 244 P. 455; Jamison v. State, 35 Okla. Cr. 302, 250 P. 548. There is evidence that in the difficulty in the tent, defendant readily overcame deceased and again outside the tent was able to handle him without a resort to a deadly weapon. It must then have appeared to the jury that when deceased followed him, armed with only a small stick, as testified to by several of the witnesses, and without his having been struck he stabbed and killed deceased, such killing was unnecessary and not based on any reasonable ground or apprehension that he was about to suffer any great bodily harm. Where there is evidence which, if believed, sustains the verdict and judgment, it is a question of fact for the jury. They are free to determine from all the evidence the facts as to whether the conduct of defendant in killing the deceased was warranted. Turner v. State, 4 Okla. Cr. 164, 111 P. 988; Mulkey v. State, 5 Okla. Cr. 75, 113 P. 532; Nutt v. State, 8 Okla. Cr. 266, 128 P. 165.

This court cannot say that there is not sufficient evidence to sustain the verdict and judgment.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.