## JOHN MAYBERRY v. STATE.

No. A-8080.  Opinion Filed Sept. 5, 1931.
(2 Pac. [2d] 976.)

58

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county of murder and was sentenced to life imprisonment.

At the time charged, defendant and his wife, Melissa Mayberry, negroes, had been married about two years. About a week prior to the homicide they had a controversy and defendant had not been staying at the home. Late on the Sunday afternoon of the tragedy, Nathaniel Johnson, a grown son of deceased by a former marriage, was at a hotel and became intoxicated. Defendant and his wife assisted him to their home and he fell into a drunken slumber. About an hour and a half later, and after dark, he awoke and defendant and his wife engaged in a quarrel. As a climax, defendant fired two shots from a pistol, one of which inflicted a wound upon the wife from which she died in some 30 minutes. The son of deceased, the only eyewitness other than defendant, testified that defendant deliberately shot deceased. Defendant testified that when the stepson, Johnson, awoke he threatened defendant and attempted to attack him with a knife and that the shots were fired for the purpose of intimidating and preventing Johnson from assaulting him; that the

shooting of deceased was entirely accidental. There are various facts and circumstances not recited. The court submitted to the jury the issues of murder, manslaughter in the first degree, justifiable homicide by an accidental killing, and self-defense.

Complaint is made of error in the court's instruction No. 10. This correctly defines murder as applied to the facts in this case, and concludes:

"* * * In the event you find defendant guilty, you should also by your verdict assess the punishment to be inflicted; which punishment shall be by imprisonment in the state penitentiary for life, or that the defendant shall suffer death as prescribed by law, in the discretion of the jury."

The point sought to be made is that from this instruction the jury must have understood they could assess no punishment other than death or life imprisonment; that it is misleading in not telling the jury the foregoing punishment applied to murder only. If this instruction were considered alone, the argument might have some weight; but the excerpt quoted is from the instruction defining murder. Following this is an instruction defining and submitting manslaughter in the first degree and stating the punishment for this lesser degree of crime. Following this is a definition of justifiable homicide as applied to the facts. In addition, the jury are told they must not select any one of the instructions, but all must be construed together in harmony with each other. The verdict finds defendant guilty "of murder." The assignment is without merit.

It is argued instruction 17 is erroneous. This instruction is:

"When an attack has been made by one person upon

another and the person making the attack or any other person is killed, in determining whether the killing is excusable, if the person killed is an innocent bystander, the nature and purpose of the attack, the existence of or appearance of danger and the extent thereof, the amount or degree of force necessary and sufficient to be used to avoid the apparent or threatened danger, and all the facts and circumstances in the case must be viewed and considered from the standpoint of the person doing the killing, at the time of the killing, and from no other standpoint, and if, when viewed from his standpoint, providing the facts support it, or if you have a reasonable doubt thereof, it reasonably appears that the act of the defendant was necessary to prevent death or great bodily harm to himself, such would constitute excusable homicide."

It is contended this instruction requires it to reasonably appear to the jury that the act of defendant was necessary to prevent death or bodily harm to defendant, and not that it appeared reasonably necessary to the defendant to act as he did. This argument overlooks the fact that they are told they must view the situation from defendant's standpoint. The jury are the triers of the facts. They are not bound to accept the testimony of defendant that he believed himself in danger, but it is for the jury to say, viewing the situation from defendant's standpoint, whether or not his claimed apprehension was reasonable. Turner v. State, 4 Okla. Cr. 164, 111 Pac. 988; Mulkey v. State, 5 Okla. Cr. 75, 113 Pac. 532; Fixico v. State, 39 Okla. Cr. 95, 263 Pac. 171; Lemmons v. State, 39 Okla. Cr. 383, 265 Pac. 652; Whisenhunt v. State, 40 Okla. Cr. 50, 266 Pac. 792; Lary v. State, 50 Okla. Cr. 111, 296 Pac. 512.

Instruction 17, supra, is to be considered in connection with No. 21, which is also challenged. This instruction is in substance that where a defendant seeks to justify

a killing on the ground that the act from which death resulted was in his necessary self-defense, it must reasonably appear to him at the time that he was in danger of losing his life or suffering great bodily harm. Substantially the same instruction has been approved several times by this court.

Complaint is made that the court erred in refusing several requested instructions of defendant. The principle embodied in these various requests are sufficiently covered by the charge of the court, and the charge of the court as a whole fully and fairly covers the law of the case. There was no error in refusing the requested instructions. Hawkins v. State, 24 Okla. Cr. 82, 216 Pac. 166; Hamilton v. State, 38 Okla. Cr. 62, 259 Pac. 168; Wheat v. State, 38 Okla. Cr. 119, 259 Pac. 279.

Finally, it is urged the county attorney was guilty of prejudicial misconduct in his argument to the jury. This objection first appears in the motion for a new trial. There is no recital in the record nor is there any bill of exceptions by the trial judge that the argument complained of was made. The argument is not embodied in the record nor showing that counsel objected at the time and moved to exclude the argument from the consideration of the jury. The court at the time of overruling the motion for a new trial made a finding against defendant's contention. Where argument is not taken in shorthand and embodied in the record, the finding of the trial court recited in the record is binding on this court. Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676; Richards v. State, 22 Okla. Cr. 329, 211 Pac. 515, 516.

Upon a consideration of the entire record, we are convinced the evidence amply sustains the judgment and that the record is free from prejudicial error.

62

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.