## CHESTER NIX v. STATE.

No. A-8985.  May 22, 1936.
Rehearing Denied Sept. 18, 1936.
(61 Pac. [2d] 1137.)

Bishop & Bishop, and W. W. Pryor, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of robbery with firearms and his punishment fixed at imprisonment in the state penitentiary for a period of five years.

The testimony on behalf of the state in substance is as follows:  Alvin Self was a deputy sheriff of Hughes county, located at the town of Atwood, on the 18th day of June, 1934.  In the evening Ambrose Nix and Chester Nix, his brother, drove to the town of Atwood in a 1930 model Ford automobile; Self, in looking the parties over, did not like their actions, and, as they drove out of town,

he followed them for a short distance, stopped them, and was asking the brothers questions about their license tag on the car they were driving, and asked them several other questions. The deputy placed them under arrest and started to Holdenville with them, the deputy driving, both the brothers sitting in the seat with him; he had not driven very far until the older brother threw his arms around the deputy, and a scuffle took place, the defendant in this case getting out of the front seat into the rear seat and began to choke the deputy, the brothers finally disarming the deputy, taking both guns from him.

They made the deputy get out of the car, completely disabled the car, and taking the deputy over on the railroad track nearby they forced him to run down the track a short distance, and then took him up on the mountain, all the time holding the guns on the deputy, making him do their bidding. After they got the deputy up on the mountain, they took his belt and tied him up to a tree; tore his shirt up and put a portion of it over his mouth so he could not holler. The deputy stated that the older brother told this defendant to get his money, that it was in his watch pocket; the deputy had bought some gasoline and put the change in his pocket.

The deputy further states this defendant went into his watch pocket and took therefrom the $5; that all this time Ambrose Nix and his brother were holding guns on the deputy and threatening him if he made any resistance. Witness Self further stated that after his money was taken and he had been tied, the defendant and his brother then took his gun, scabbard, and everything of value that he had on his person and left, leaving him tied to the tree; before they left the deputy the brother of the defendant asked him if he had tied the deputy so he could not get away, and the defendant replied that he

had; then the brother of the defendant struck the deputy over the head with the barrel of the pistol rendering him unconscious and they left the deputy tied. The deputy states positively that the defendant went into his watch pocket and took out the $5 bill while his brother, Ambrose Nix, was holding the gun on him and threatening him with violence.

The defendant took the stand in his own behalf and admitted in substance all of the testimony of the prosecuting witness, Self, except the taking of the $5 out of the witness Self's pocket, this he denied, but he admitted the taking of the guns and scabbard.

The testimony of the state and the defendant is in direct conflict as to whether or not the defendant by force, threats, and with firearms took the money from the witness, one stating positively that he did, and the defendant stating positively that he did not.

Two propositions have been argued by the defendant. First, there is a fatal variance between the information and the proof. Second, the court erred in refusing a directed verdict on the motion of the defendant, at the close of the state's testimony, and at the close of the case.

This record has been carefully read and studied, and we fail to find any evidence to sustain the defendant's contention that there is a variance between the information and the proof. The information charges the defendant with robbing the state's witness Self of $5 with firearms, and threatening the party alleged to have been robbed, and putting him in fear. If the testimony of the witness Alvin Self is to be believed, every allegation in the information was proven. If the testimony of the defendant is to be believed, the defendant did not take Self's money by force, or by the use of firearms. The defend-

ant admits his brother Ambrose Nix was with him; that they took Self's guns away from him; and that he and his brother co-operated together up to the point of the robbery of the witness Self of the $5; this he denies, and that is all he does deny.

There is no merit in the contention of the defendant that the court erred in refusing to direct a verdict of acquittal at the close of the state's testimony, and at the close of all of the testimony. The testimony in this case both by the state and the defendant shows a willful disregard for the law, and they not only took from the state's witness, but took him up on the mountain side and tied him to a tree and beat him up with his own guns, then took his guns after they had robbed him of his money and left him tied to a tree. Every act of the defendant shows a criminal intent to rob the state's witness and then to beat him up and leave him, as the defendant and his brother thought, helpless and in such a condition that he could not get loose and give the alarm until they had sufficient time to get out of the neighborhood. No unbiased jury could have reached any other conclusion than to find the defendant guilty, and the jury was very lenient when it imposed the penalty it did.

The testimony of the state and the defendant is in direct conflict as to the question of the state's witness being robbed of $5 by the use of firearms. The jury is the exclusive judge as to the weight of the evidence; and if there is a clear conflict in the evidence or it is such that different inferences can properly be drawn from it, this determination will not be interfered with unless it is clearly against the weight of the evidence or it appears to have been influenced by passion or prejudice. Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Leslie v. State, 22 Okla.

Cr. 111, 210 Pac. 297; Richards v. State, 22 Okla. Cr. 329, 211 Pac. 515.

A conviction will not be set aside where there is some substantial evidence to support the verdict. Tillery v. State, 23 Okla. Cr. 226, 214 Pac. 198.

There is nothing in the record to show that the verdict in this case was influenced by passion or prejudice. The defendant was accorded a fair and impartial trial. Finding no error in the record, the judgment of the trial court is affirmed.

EDWARDS, P. J., absent, not participating. DOYLE, J., concurs.