## BEULAH WARE v. STATE.

No. A-9704.   Feb. 12, 1941.
(110 P. 2d 617.)

Wm. H. Lewis, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Walter Marlin, Asst. Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J.   Defendant, Beulah Ware, was charged with the crime of murder in Oklahoma county on the 9th day of May, 1938; was tried, convicted of manslaughter in the first degree and sentenced to serve a term of 18 years in the penitentiary, and has appealed.

This charge arose from the killing of Elsie Taylor, a negro woman, by the defendant, Beulah Ware, in Oklahoma City, Oklahoma county, on the 9th day of May, 1938, by shooting her with a pistol.

The first specification of error is that the court erred in admitting incompetent, irrelevant, immaterial, and prejudicial testimony over the objection and exception of defendant.

It is necessary to give a short statement of the facts as revealed by the record.   The deceased, Elsie Taylor, in company with Steve Johnson, Cicero Gilliland, and Lettie Mae Fuller, on the night of May 8, 1938, were together and visited different beer parlors and restaurants in the colored section of Oklahoma City.   They were drinking both beer and whisky, and about 1 a. m. they were all pretty drunk when they came to the "H & S Smoker", a restaurant, and were eating and drinking when the defendant, Beulah Ware, came inside the door and called for Steve Johnson and said to him twice, "Come on. Let's go."   He was sitting at the counter beside the deceased Elsie Taylor, who was eating.   He immediately got up and left with defendant, Beulah Ware.   He roomed at her home and has since married the defendant.   She had given him some money during the early part of the evening, and she testified it was to get this money that caused her to go to the restaurant.

Just after they had left the restaurant and were going across the street, the other three parties also left and were going up the street on the opposite side. When they reached Stiles avenue they started north and had gone only a short distance when they met the defendant and Steve Johnson. There is a slight conflict in the evidence as to what happened at this time. Cicero Gilliland testified that the first he saw was that the defendant, Beulah Ware, kicked the deceased Elsie Taylor and that she then hit the defendant with her fist, and the defendant, Beulah Ware, shot Elsie Taylor. She took the pistol from a purse which she was carrying, after opening the zipper. Immediately after the shooting, both parties ran north to an alley, but the deceased Elsie Taylor turned and came back and fell, being caught by a man by the name of R. A. Jones, who was present. She had been shot through the right breast and the bullet passed through her body coming out at the back. She was taken to the hospital and soon died as a result of the gunshot wound.

The defendant ran down the alley and caught a cab and went to Nichols Hills, where a friend lived, and the next morning surrendered to the officers, and this charge was filed. Other witnesses testified for the state. They were some distance from the scene of the killing. The defendant and Steve Johnson testified that the deceased Elsie Taylor first struck the defendant some two or three times before the defendant fired the shot that killed the deceased. The evidence of these witnesses was not such that would have justified the defendant in taking the life of the deceased under the law, and even under her own testimony, she would be guilty of manslaughter in the first degree. Hodges v. State, 65 Okla. Cr. 277, 85 P. 2d 443; Tyner v. United States, 2 Okla. Cr. 689, 103 P. 1057. There was no evidence to show that defendant was in

danger of death or serious bodily injury at the hands of deceased. The shooting was clearly unjustified.

In the case of Fixico v. State, 39 Okla. Cr. 95, 263 P. 171, 172, the true rule is stated:

"Assuming that the deceased was the aggressor, the rule is well settled that the bare belief of one assaulted that he is about to suffer death or great personal injury will not, in itself, justify him in taking the life of his adversary. There must exist reasonable ground for such belief at the time of the killing, and the existence of such ground is a question of fact for the jury. Hunt v. State, 29 Okla. Cr. 255, 233 P. 506.

"The right to take another's life in self-defense is not to be tested by the honesty or good faith of the defendant's belief in the necessity of the killing, but by the fact whether he had reasonable grounds for such belief. Lee v. State, 33 Okla. Cr. 370, 244 P. 455." See, also, Armstrong v. State, 68 Okla. Cr. 105, 95 P. 2d 919.

It it contended that the court erred in the admission of evidence of E. W. Brown, assistant county attorney of Oklahoma county. He testified with reference to a conversation he had with the defendant following the preliminary hearing. While testifying to a detailed conversation with defendant and to which no objection was made, he stated: "I asked her what she did with the gun and what possessed her to shoot the girl. She said it was God's will, and she just shot her." Counsel objected to this statement, and the court sustained the objection and instructed the jury not to consider the testimony. We have carefully examined all the evidence given by this witness, and are of the opinion that it was not such that could in any way prejudice the defendant. After defendant had killed deceased, she made application to Assistant County Attorney Brown to have Jimmy Daniels, her former husband, put under a peace bond. She testified with reference to this matter and Mr. Brown was called in rebuttal to testify

to the statement she made. During his testimony he stated, "It was so obvious from her statement that it would be laying a predicate for the defense she has attempted here." It is claimed that this statement was argumentative and a conclusion of the witness and not admissible. We do not think this statement was admissible, but the court sustained counsel's objection to the same and then instructed the jury not to consider such testimony. Under all the circumstances, it does not occur to us that this was such error as to justify reversal of this case.

Defendant next complains of the giving and refusing to give certain instructions. The court charged the jury as to the alleged good reputation of the defendant. Evidence having been offered to that effect, instruction No. 19 was given by the court, which was as follows:

"Certain evidence has been introduced bearing upon the question as to the general reputation of the defendant prior to the alleged offense as a peaceable, law-abiding citizen. Such evidence is proper for your consideration in connection with all the other evidence, facts and circumstances disclosed upon the trial, and given such weight, as in your judgment, it is entitled to in determining the question as to the defendant's guilt of the crime here charged against her."

The defendant's requested instruction No. 2 which was refused, and to which exception was taken, was as follows:

"Certain evidence has been introduced here tending to establish the good character and reputation of this defendant. It is your duty to consider this evidence, and if, upon a consideration of that evidence alone or that evidence taken in connection with the other evidence in the case you entertain a reasonable doubt of the defendant's guilt, it is your duty to give her the benefit of that doubt and acquit her; but, notwithstanding this evidence as to her good reputation and character, if you are, nevertheless, satisfied by the evidence beyond a reasonable doubt, that

the defendant is guilty as charged, then this evidence as to her good reputation and character constitutes no justification or defense."

While instruction No. 19 may not be as full and comprehensive as is sometimes given, no case is cited in which such an instruction has been disapproved. The requested instruction does not state the law. It is not the duty of the jury to acquit the defendant if, upon the consideration of the testimony as to the defendant's good character and reputation "alone," the jury has a reasonable doubt of the defendant's guilt. This evidence should be taken into consideration with all the evidence offered in the trial of the case, and if, after a consideration of all the evidence, together with that of the good reputation and character of the defendant, the jury has a reasonable doubt of the guilt of the defendant, it is their duty to acquit him. This evidence should not be considered "alone." This question has been discussed in the case of Wilson v. State, 3 Okla. Cr. 714, 109 P. 289.

It is next contended that the punishment assessed in this case of 18 years in the penitentiary constituted cruel and unusual punishment under article 2, sec. 9, Oklahoma Constitution, Okla. St. Ann. We do not think the punishment assessed is cruel and unusual punishment as contemplated by the terms of the Constitution above cited. Williams v. State, 56 Okla. Cr. 245, 37 P. 2d 658; Ellis v. State, 54 Okla. Cr. 295, 19 P. 2d 972; Jones v. Territory, 4 Okla. 45, 43 P. 1072; Ex parte Meyers, 55 Okla. Cr. 75, 24 P. 2d 1011; Hendrix v. United States, 2 Okla. Cr. 240, 101 P. 125.

The number of years given the defendant might appeal to this court, if the record in this case did not reveal that upon two previous occasions this defendant has had occasion to use a pistol in shooting at other parties. Upon

one occasion in Oklahoma City she armed herself with a gun and went in search of her husband who was working, and fired at him as he was running down the streets of Oklahoma City. The bullet struck an innocent bystander. She was given only a six months' sentence in the county jail in that case because the injured person was not badly hurt. She also testified to shooting a negro woman in the State of Arkansas prior to coming to Oklahoma City. Under these circumstances we do not consider that the judgment and sentence in this case should be modified by this court.

It is next contended that the court erred in permitting the examination of Sylvester McAfee, who testified for the state, for the reason that he remained in the courtroom after the rule was asked and the court had instructed the witnesses to remain out of the courtroom. The record is wholly silent on this matter, and the question is first raised on the motion for new trial; and affidavit of another party is filed to support the motion. A violation of a rule of court instructing witnesses to remain out of the courtroom may, in the discretion of the trial court, be the basis of the court's refusal to allow such witnesses to testify, or it may be used in cross-examination of the witness to affect his credibility, and the weight to be given to his testimony. Price v. United States, 1 Okla. Cr. 291, 97 P. 1056; Miller v. Territory, 15 Okla. Cr. 422, 85 P. 239; Kilgore v. State, 10 Okla. Cr. 446, 137 P. 364; McCarty v. State, 21 Okla. Cr. 365, 207 P. 1069. It does not occur to us that this is such as to cause a reversal of the case and the facts here presented do not justify it.

Finding no error in the trial of this case, it is ordered that the judgment and sentence of the district court of Oklahoma county be affirmed, and it is so ordered.

JONES and DOYLE, JJ., concur.