# BERT HUMBERD v. STATE.

No. A-8670.   May 18, 1934.
(32 Pac. [2d] 954.)

E. S. Collier, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of possession of intoxicating liquor, and sentenced to pay a fine of $60 and be imprisoned in the county jail for 30 days.

The testimony on behalf of the state shows the officers went to defendant's home with a search warrant, searched his place, and found in a built-in cupboard in a room used for storage purposes a half gallon of whisky, a number of pint bottles, and a funnel.

The defendant, testifying in his own behalf, admitted the possession of the whisky, but denied that the bottles in the cupboard were there for the purpose of being used for the sale, bartering, or giving away of whisky, and stated the funnel was used for pouring coal oil from a can into the lamps used around the house.   The defendant further stated the bottles were in the room used for storage when he moved to the house, and the whisky was for his own use.   This is in substance the testimony.

The first assignment of the defendant is that the court erred in overruling his motion for a new trial. This is all the assignment it is necessary to consider. It is urged by the defendant that the proof is insufficient to sustain a conviction, stating that in order to sustain a conviction of having possession of intoxicating liquors with intent to violate the provisions of the prohibitory liquor laws there must be evidence sufficient not only to prove possession, but also to prove criminal intent.

This court, beginning with the early opinions on down to the present time, has held that where the evidence, and reasonable and logical inferences and deductions to be drawn from it, are sufficient to convince the jury beyond a reasonable doubt of the guilt of a defendant, this court will not disturb the verdict for insufficiency. Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Bond v. State, 53 Okla. Cr. 224, 11 Pac. (2d) 200.

The jury is the exclusive judge of the weight of the evidence, and if there is a clear conflict or it is such that different inferences may be drawn from it, this determination will not be interfered with unless it is clearly against the weight of the evidence. Richards v. State, 22 Okla. Cr. 329, 211 Pac. 515; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The evidence is sufficient to sustain the judgment. The defendant was accorded a fair and impartial trial. There are no errors in the record.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.