FRED HOUSTON v. STATE.

No. A-9181.   Oct. 15, 1937.
(72 Pac. 2d 526.)

O. A. Brewer, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   By information the plaintiff in error, Fred Houston, hereinafter for convenience referred to as the defendant, was jointly charged with Claud Haynes, on a charge of stealing and carrying away one black female hog, weight about 300 pounds, the property of Pearl Armstrong. The defendant Fred Houston was tried, convicted, and sentenced to serve a term of three years in the state penitentiary; record was properly saved, and the defendant has appealed to this court.

When the case was called for trial, the defendant filed a motion to quash the panel of jurors on the ground that they were not drawn, selected, and certified according to law; that the said jurors do not represent a general distribution in Choctaw county, and were not selected

from the various municipal townships of the county in proportion to the voting strength of said township. Testimony was taken in support of his motion to quash the panel, which showed that the jury commissioners in making up the list of jurors for the term gave their names and post office address, but did not specifically state the precinct in the county from which the juror was selected. Motion to quash was overruled; exceptions reserved. A demurrer was filed which was overruled, and defendant duly excepted.

The testimony on behalf of the state is brief and shows that Pearl Armstrong, a negro woman living near where the defendant lived, was the owner of one black female hog, commonly spoken of as a sow, weighing about 300 pounds; that the hog was missing, and Pearl Armstrong went to the defendant and accused him of butchering the hog. He denied this, and became very indignant. Later, officers went to his place and talked to him about the hog, and he advised the officers he had not butchered any hogs and had nothing to do with the sow. Later the officers searched the place and defendant admitted he had butchered a hog, but said it was his own, and finally conducted the officers to the place near his home where the meat was buried, which was taken up by the officers and turned over to a party who delivered the meat to Pearl Armstrong. Pearl Armstrong testified that the nose of her sow that was missing had a scar on it, and she identified the head by that scar. The defendant denied he told the officers he had not butchered any hogs, but that he had not butchered the Armstrong hog. At the place where the officers found a hog had been butchered, they also found black hair of a hog. The foregoing is the substance of the testimony.

The defendant has assigned nine errors alleged to

have been committed by the trial court which he deems sufficient to warrant the court in reversing his case. In his third assignment he states that the court erred in overruling his motion to quash the panel of jurors; the court holding the jurors were selected and impaneled according to law.

Section 797, O. S. 1931 (38 Okla. St. Ann. § 2), relating to jury commissioners, in part, provides:

"Each jury list shall be made up of names of persons from the various municipal townships in the county in proportion, as nearly as practicable, to the voting strength of such township."

The proof shows that the list of jurors made up by the jury commission gave the name of the juror selected and his post office address, but did not mention the municipal township in which the juror lived.

In Maddox v. State, 12 Okla. Cr. 462, 158 P. 883, in the third paragraph of the syllabus, this court stated:

"A substantial compliance with the forms provided for by law for drawing and serving jurors is sufficient."

In the fourth paragraph of the syllabus, the court further stated:

"A challenge to the panel of jurors can be founded only on a material departure from the forms of law providing for drawing and summoning jurors, or the intentional omission of the sheriff to summon one or more of the jurors drawn; and, to entitle a defendant to successfully challenge a panel of jurors, the burden is upon the defendant to show that the illegality or wrong which is the basis of such challenge is such as to have caused the defendant to suffer material prejudice."

To the same effect is Buxton v. State, 11 Okla. Cr. 85, 143 Pac. 58. Many other cases might be cited, but we

deem the citations above sufficient, and hold that the jury commission substantially complied with the terms provided by law for drawing and service of jurors when it made up a list giving the name and post office address, and the court did not err in overruling the motion to quash the panel.

. The defendant next insists that the court erred in overruling his demurrer to the information. We have examined the information, and without extending this opinion by citing authorities to support our holding, we find that the information correctly advised the defendant the charge he was required to meet in plain and concise language. No error was committed by the court when he overruled the motion for a new trial.

The next question raised by the defendant is that the court erred in failing to find the verdict and judgment contrary to law and the evidence, especially in the instructions to the jury and the question therein involved. We have carefully examined the instructions, and after considering the same we hold that the instructions taken in their entirety correctly advised the jury as to the law applicable to the facts.

The next and only question raised by the defendant is that the evidence is insufficient to sustain the verdict and judgment. There is a slight conflict in the testimony, which is a question for the jury to determine. In Tillery v. State, 2 Okla. Cr. 226, 214 Pac. 198, this court, in the second paragraph of the syllabus, held:

"When the sufficiency of the evidence is challenged, and the evidence as a whole does not satisfactorily or conclusively convince the appellate court of the guilt of the accused, the verdict will not be set aside on the ground of insufficiency of the evidence where, as in this case, there is some substantial evidence tending to support the

verdict. The weight of the testimony and the credibility of the witnesses is for the jury."

Where the evidence and reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of a defendant, this court will not disturb the verdict for insufficiency. Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Humberd v. State, 56 Okla. Cr. 23, 32 Pac. 2d 954.

In this case the testimony shows that the prosecuting witness' sow was missing; that she had reason to believe the defendant had butchered her; when the defendant was approached by the prosecuting witness he denied he knew anything about the hog, that he had not butchered any hogs, that he had hogs of his own, and that he had not butchered the prosecuting witness' sow. Later on he went with the officers and dug up some hog meat which the officers turned over to the prosecuting witness, Pearl Armstrong. Pearl Armstrong testified that her sow had a mark on her nose where she had struck it one time, and that the head that was turned over to her by the officers with this meat was the head of her sow, as it had the scar on it like her sow had.

While there is a conflict in the testimony, there is sufficient testimony to warrant the jury in returning its verdict of guilty.

The defendant was accorded a fair and impartial trial. The jury was correctly advised as to the law applicable to the facts. There are no errors in the record warranting this court in reversing the case. The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.