## ELIJAH LAWSON v. STATE.

No. A-9310.   Oct. 29, 1937.
(73 P. 2d 198.)

John A. Dorris, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error was convicted of manslaughter and sentenced to serve a term of four years in the state penitentiary, and appeals.

The record in this case was filed in this court on April 19, 1937.   The case was submitted on the record on September 27, 1937; no brief has been filed in support of the plaintiff in error's assignment of errors.   The court therefore assumes that the appeal has been abandoned, or that counsel representing the plaintiff in error has reached the conclusion there are no errors in the record sufficient to warrant a reversal.

The record has been carefully examined and the testimony of the state in substance is that the defendant, Elijah Lawson, and Rand Stills lived in houses only a few feet from each other; on the morning of January 5, 1936, two sons of Rand Stills and another neighbor boy went to the door of the house where the defendant was

living, and engaged the defendant in a conversation as to his saying the boys had been stealing his chickens; that Rand Stills stepped out of the door of his house, and the defendant picked up a gun and pointed it in the direction of the Stills house where Rand Stills was standing; about the same time Mrs. Rand Stills came to the door and the defendant fired, inflicting a wound upon the body of Mrs. Stills, from which wound and other complications which set up Mrs. Stills died.

The defendant went back into the house and Mr. Stills started to a doctor with his wife. The defendant discovering Mr. Stills coming out of his house punched the muzzle of his gun through the window and fired and shot Mr. Stills, inflicting a painful but not a serious wound. The defendant then left the house with his gun and started in the same direction Mr. and Mrs. Stills were going; the Stills boys saw him going with his gun in the direction their father and mother had gone, followed the defendant and, as he cut across the near way, thinking he intended to catch up with their parents and shoot them again, caught up with the defendant, knocked him down and took his gun away from him.

The testimony further shows there had been no controversy between the defendant and Mr. and Mrs. Stills that morning. Mr. and Mrs. Stills did not know what prompted the defendant to shoot.

The defendant in his own behalf admits the Stills boys and a Robinson boy came to his home and talked to him about what he had been telling other people about the Stills boys stealing his chickens, and the defendant told them he could prove it; the defendant then insists that one of the Stills boys tried to get hold of his gun, and that he grabbed the gun, and in picking it up it was

discharged. He admits after Mr. and Mrs. Stills left their home and started toward town he picked up the gun and shot again, but says he did not intend to hit Mr. Stills, but fired to scare him.

The foregoing is the substance of the testimony.

This court has repeatedly held that the jury is the exclusive judge of the weight of the evidence, and if there is a clear conflict in the evidence, or it is such that different inferences can be drawn from it, this determination will not be interfered with unless it is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice. Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Humberd v. State, 56 Okla. Cr. 23, 32 P. 2d 954.

There is a conflict in the evidence. This court has held that a conviction, based on conflicting testimony, will not be disturbed on appeal where there is credible evidence sufficient to sustain the verdict and judgment. Carr v. State, 21 Okla. Cr. 377, 208 Pac. 275.

The evidence is sufficient to sustain the judgment. There are no fundamental or prejudicial errors in the record to warrant this court in reversing the case. The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts in the case. The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.