ELY SARRATT et al. v. STATE.

No. A-9335. March 25, 1938.
(77 P. 2d 1188.)

Dale Brown, of Coalgate, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiffs in error, the defendants in the trial court, were by information charged with an assault upon one Leonard Williams with a deadly or dangerous weapon, to wit, a knife; were tried jointly, convicted and each sentenced to serve one year and one day in the state penitentiary at McAlester. Motion for new trial was filed, considered, overruled and defendants excepted.

The only question presented by the defendants is the question of the sufficiency of the evidence. The testimony shows the defendants and Leonard Williams and other parties were attending a meeting at Pleasant Hill schoolhouse, in Coal county, Okla., on the night of June 17, 1934; about the time Leonard Williams and other parties came out of the building Ely Sarratt, one of the defendants, called Leonard Williams, and Williams turned and walked over to where Ely was; following a short conversation with refer-

ence to what Ely had heard Williams had said about him, Ely Sarratt and Leonard Williams engaged in a fight.

Leonard Williams in his testimony states Ely Sarratt hit him an overhanded lick with a pistol; Ely Sarratt denies that statement and says he did not have a pistol, but states he called Leonard Williams off to one side and that in the conversation he told Williams he heard he had been making some remarks about him, and Williams told Ely Sarratt whoever told him he was making remarks about him was a lying s. o. b. The defendant Ely Sarratt admits he struck Williams with his fist but denies he hit him with a pistol. Williams says he did.

Cecil Williams, a brother of Leonard Williams, testified he was near the door of the schoolhouse when Ely Sarratt called Leonard off, and Cecil says Ely struck Leonard Williams with a pistol; that Willie Sarratt ran in and struck Leonard Williams with something, he did not know what it was; he then grabbed Willie Sarratt by the shoulder, and Willie went to cutting on him. Cecil says the difficulty occurred between 20 and 30 feet from the door of the schoolhouse; that Willie Sarratt cut him across the face and on the arm.

Dorothy Ross testified:

"I was outside of the schoolhouse and was facing in a different direction and when I turned around I did not hear what was going on or see any weapon; it was dark and I was not so terribly close to them."

Wanda Ross stated she heard Ely Sarratt call Leonard Williams off to one side, and saw Ely hit the first lick: "I was not close enough to see what kind of a weapon he used."

Wesley Williams stated he saw the fight, and saw one of the Sarratt boys hit one of the Williams boys: "I could just kinda see a bulk; after the fight started it was general; I was about 22 feet away."

Ely Sarratt testifying in his own behalf stated he hit Leonard Williams with his fist.

"My brother Willie Sarratt came up and hit Williams, I did not hear my brother say anything." Ely denies he had a pistol.

Willie Sarratt testified he used a knife, but claims he did so in self-defense; that he cut both Leonard and Cecil Williams.

Ollie Jones testifying for the defendants contradicted the defendants and other witnesses who testified for the state, and says positively that Ely did not call Leonard Williams from the door.

The testimony of Ely Sarratt admits he called Leonard Williams off to one side and asked him about what he heard he had been saying about him. The foregoing is the substance of the testimony.

The only errors assigned by the defendants are:

"1. Said court erred in admitting evidence on the part of the defendant in error.

"2. Said court erred in refusing to rule out incompetent and legal evidence on the part of the plaintiff in error.

"3. The verdict is not supported by the evidence."

The case has been briefed by the defendants, Ely Sarratt and Willie Sarratt, and by the state. The only question argued briefly by the defendants is that the evidence is insufficient to sustain the conviction. The state in its brief argues that the evidence is sufficient to sustain the conviction. Neither the defendants nor the state cite any authorities in support of their contention. It therefore becomes necessary for the court to carefully read the record to determine the weight of the evidence and the credibility of the witnesses. The testimony as to whether or not the defendant Ely Sarratt struck Leonard Williams with a pistol is the only conflict in the evidence. It is admitted that Ely Sarratt

called Leonard Williams off and they engaged in a fight, Ely insisting he struck Leonard Williams with his fist, and Williams insisting he struck him with a pistol. No one disputes the fact that Willie Sarratt entered into the fight and used his knife.

The jury heard all the testimony, and saw the witnesses on the stand and observed their demeanor. It was for the jury to say whom they would believe or disbelieve. If there is a fair conflict in the evidence or it is such that different inferences can properly be drawn from it, the determination of the jury will not be interfered with unless it is against the weight of the evidence or appears to have been influenced by passion or prejudice. The jury was in a better position to pass upon the truth of the witnesses' statements than is an appellate court.

The jury found the defendants guilty and assessed their punishment. Under the law and facts the jury verdict should not be set aside. Powell v. State, 11 Okla. Cr. 615, 150 P. 92; Queen v. State, 35 Okla. Cr. 412, 250 P. 935; Clemmer v. State, 56 Okla. Cr. 354, 40 P. 2d 37; Houston v. State, 63 Okla. Cr. 49, 72 P. 2d 526; Phillips v. State, 63 Okla. Cr. 172, 73 P. 2d 879; Coppage v. State, 62 Okla. Cr. 325, 71 P. 2d 509; A. Goodnight v. State, 62 Okla. Cr. 382, 71 P. 2d 789.

There is nothing in the record to show that the jury was influenced by passion or prejudice. Section 3062, O.S. 1931, 22 Okla. St. Ann. § 834, in part is as follows:

"The questions of fact are to be decided by the jury."

The defendants were accorded a fair and impartial trial. There are no errors in the record warranting a reversal. The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.