## JOE KIZER v. STATE.

No. A-9400. Dec. 2, 1938.
(85 P. 2d 330.)

O. A. Brewer, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The defendant was by information jointly charged with John Kizer with the crime of murder; was tried separately, found guilty, and sentenced to serve a term of 50 years in the state penitentiary. Motion for a new trial was filed, considered, overruled, and exceptions saved and the defendant has appealed to this court.

The charge against the defendant was that the defendant and John Kizer, acting together, did premeditatively design and effect the death of Jordan Swink without authority of law, willfully, wrongfully, unlawfully and feloniously making an assault upon Jordan Swink with an automatic pistol and sawed-off shotgun, and inflicting mortal wounds upon the body of Jordan Swink that caused his death.

The record in this case shows that Jordan Swink and this defendant were manufacturing and selling whisky. That on the day previous to the killing in the evening the deceased had gone to Paris, Tex., returning home, and driving to Idabel and back by the way of Valliant to his home where the defendant in this case admits by his own statement he was making whisky in the barn of the deceased, a short distance from the house. The defendant says he remained there until almost dark and when he went by the house of the deceased he told his wife he was going home but would be back soon. Later on the defendant says he and his brother came back to the Swink home and went to the barn with their car and loaded a number of cases, and two jars of whisky in their car and started to drive down toward the house of the deceased, when the deceased with two children with him drove up.

Up until this time the defendant says he had never had any trouble with the deceased, and the wife of the deceased states she did not hear anything after her hus-

band drove up and stopped, and the defendant and his brother walked up to the car of the deceased, and she did not know what was said by either of the parties, but the first thing she knew the shooting started and that the defendant and his brother shot and killed her husband. The children got out of the car and her son started running toward the house and defendant started to follow him and she rushed out and holloed not to shoot the boy. The defendant contradicted in substance a large part of the evidence of the state's witnesses, and insists that the deceased made such moves and by his actions he believed he was fixing to shoot him. The controversy leading up to the shooting seems to have grown out of a dispute between the Kizer boys and the deceased with reference to the whisky, or quantity of whisky loaded in their car. The defendant admits he was with his brother at the house of the deceased, and after they had loaded up the whisky and drove down to the home of the deceased, the deceased drove up in front of his home, stopped his car and began talking to the defendant and his brother, and the shooting took place in which the deceased lost his life.

There is very little conflict in the testimony as to what took place at the time of the shooting. The defendant insists the deceased had a pistol, and the wife of the deceased and the family say he did not. The jury had an opportunity of hearing the witnesses testify and judging their demeanor on the witness stand, and where there is a conflict in the testimony that conflict is for the jury and if there is any competent testimony in the record to sustain the verdict, this court will not reverse a case on the insufficiency of the testimony. Carr v. State, 21 Okla. Cr. 377, 208 P. 275; Pickett v. State, 35 Okla. Cr. 60, 248 P. 352; Humberd v. State, 56 Okla. Cr. 23, 32 P. 2d 954; Clemmer v. State, 56 Okla. Cr. 354, 40 P. 2d 37; Houston v. State, 63 Okla. Cr. 49, 72 P. 2d 526; Goodnight v. State, 62 Okla. Cr. 382, 71 P. 2d 789.

250

Several errors have been assigned by the defendant. The record was filed in this court on October 15, 1937. The case was submitted on the record April 26, 1938, and defendant given 10 days to file brief. No brief has been filed in support of his assignment of errors, nor has any oral argument been presented. The failure of the defendant to file brief in support of his assigned errors leads the court to assume that the appeal has been abandoned or that counsel representing the defendant has reached the conclusion there are no errors in the record sufficient to warrant a reversal.

In cases of this character the court carefully reads and examines the record and if it fails to disclose any prejudicial or fundamental errors, and the evidence is sufficient to sustain the verdict, the verdict of the jury will be affirmed.

In this case the court correctly advised the jury as to the law applicable to the facts, and no prejudicial or fundamental errors appear in the record.

The case is affirmed.

DOYLE and BAREFOOT, JJ., concur.