**Franklin D. ROULAIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17744.**

Court of Criminal Appeals of Oklahoma.

March 5, 1973.

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., and Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge.

Appellant, Franklin D. Roulain, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Caddo County, Case No. CRT–72–389, for the crime of Driving and Operating a Mo-

tor Vehicle While Under the Influence of Intoxicating Liquor. He was sentenced to serve a term of one hundred and eighty (180) days in the county jail, and pay a fine of two hundred fifty dollars ($250.00), in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court. ·

The facts in this case are not at issue on appeal, but briefly stated are: On February 13, 1972, Eddie Wilson of the Oklahoma Highway Patrol was traveling west of Anadarko, Oklahoma, when he observed an east bound 1969 Ford weave several times off the road; the officer pursued and stopped the vehicle; the defendant stepped from the vehicle and appeared intoxicated. Defendant was then arrested and later given a breathalyzer test scoring .19.

Defendant's first proposition of error is that the trial court erred in overruling defense motions for a Continuance and to Quash the Jury Panel. The alleged grounds for both motions were essentially the same, as follows: that during a previous trial on the same jury docket, one juror made the statement in the hearing of the entire jury panel that he could not be impartial because he had had a friend killed by a "drunk driver" and that this remark prejudiced the panel in the present case; that the trial court failed to admonish non-participating members of the jury panel to remove themselves from the courtroom during previous trials; and that the trial judge had made a remark in a previous case of the same docket which inferred that all the defendants on that docket were guilty.

■■ In overruling the Motion for Continuance, the trial judge explained that the defense counsel was in error in his recitation of the events during previous trials and in his interpretation of them. It is well settled that an application for Continuance is a matter of discretion for the trial court. Harrison v. State, Okl.Cr., 461 P.2d 1007. Further, the designated record does not contain the alleged statements constituting error in this case. Thus, this Court has no basis on which to overrule the decision of the trial court on this matter. The ruling against granting a Continuance will not be disturbed.

■ Defendant used these same grounds for a Motion to Quash the Jury Panel. Even if the counsel's allegations are true, they are clearly insufficient to support a challenge to the jury panel. Title 22 O.S. 1971, § 633, provides as follows:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has suffered material prejudice."

Defendant makes no challenge to the procedure of drawing and return of this panel or of the use of summons. Neither does he demonstrate material prejudice which the statute requires. Houston v. State, 63 Okl. Cr. 49, 72 P.2d 526; Sanders v. State, 46 Okl.Cr. 298, 287 P. 842. This assignment of error is wholly invalid.

■ Defendant's final contention is that the trial court erred in allowing into evidence, over objection of defense counsel, an allegedly irrelevant statement by Officer Wilson. The relevant testimony is as follows:

"—MR. BLACK:

"Q Officer Wilson, do you know where the bullets on your belt are manufactured?

"A No, sir.

"MR. HEFLEY: Your Honor, we're going to object, it's immaterial, incompetent and irrelevant.

"MR. BLACK: No further questions.

"MR. HEFLEY: It has nothing to do and ask the jury to be admonished to disregard that. Move for a mistrial at this time. It's highly improper.

"THE COURT: It will be overruled. Is there anything further of this witness?

"MR. BLACK: No, Your Honor.

"THE COURT: All right, step down."

After careful review of the record, we find that the defendant suffered no material prejudice as a result of this testimony. Cases cited by defendant are distinguishable on their facts. See for example: Bingham v. State, 44 Okl.Cr. 258, 280 P. 636; Watson v. State, 7 Okl.Cr. 590, 124 P. 1101. In the case at bar, there was only a single question asked, not a series of incompetent questions. Further, there is no evidence in the record that the question was clearly calculated to arouse the passion or prejudice of the jury.

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from, should be, and the same is hereby, affirmed.

BLISS and BUSSEY, JJ., concur.