# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72410-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YEMANE TEKLAI WELDESELASE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 23, 2015 |
| | ) | |

VERELLEN, A.C.J. — Yemane Weldeselase claims his counsel was ineffective for failing to argue at sentencing that his first degree burglary, second degree assault, and felony violation of a court order convictions constituted the same criminal conduct. We conclude counsel's failure to argue same criminal conduct at sentencing constituted deficient performance. A reasonable probability exists that, had counsel so argued, the sentencing court would have determined that his second degree assault and felony violation of a no-contact order convictions constituted the same criminal conduct for purposes of calculating Weldeselase's offender score.

The State concedes that Weldeselase's sentence for felony violation of a court order exceeds the trial court's sentencing authority under the Sentencing Reform Act, chapter 9.94A RCW. We accept the State's concession.

We affirm Weldeselase's convictions, but remand for a new sentencing hearing.

## FACTS

Weldeselase and his wife Luula Araya have three children together. In February 2012, Weldeselase and Araya separated when Araya obtained a no-contact order against Weldeselase.

In October 2013, Araya returned home late one evening after work. As Araya exited her car, Weldeselase grabbed her. Weldeselase told Araya that he had a gun and ordered her to open the front door of the house. Araya refused. Weldeselase choked Araya and pushed her into the door. Araya's niece heard noise outside and opened the front door. Weldeselase held Araya's wrist as they entered the home.

Once inside, Weldeselase took Araya into their daughter's bedroom. Weldeselase pushed Araya onto their daughter's bed. Their daughter stood in the corner of the bedroom. Weldeselase grabbed Araya and began punching her in the face. Weldeselase broke Araya's nose and left bruises on her face. When their daughter attempted to intervene, Weldeselase hit her.

The State charged Weldeselase with one count of first degree burglary, two counts of second degree assault, one count of felony violation of a court order, and one count of fourth degree assault. The State alleged Weldeselase committed these offenses against a family or household member and within sight or sound of the victim's minor child.

A jury convicted Weldeselase of first degree burglary, two counts of fourth degree assault, felony violation of a court order, and one count of second degree assault. The jury found by special verdict that Weldeselase's convictions for first

degree burglary, felony violation of a court order, and second degree assault constituted an aggravated domestic violence offense.

At sentencing, the court accepted the State's offender score calculation of eight points, which was the same for each of Weldeselase's three felony convictions.[1] Defense counsel did not argue that the three felonies constituted the same criminal conduct under RCW 9.94A.589. The court imposed concurrent sentences at the top of the standard range: 102 months for first degree burglary, 82 months for felony violation of a court order, and 70 months for second degree assault.

Weldeselase appeals.

## ANALYSIS

### Ineffective Assistance

Weldeselase contends his counsel was ineffective for failing to argue at sentencing that his first degree burglary, second degree assault, and felony violation of a court order convictions constituted the same criminal conduct for purposes of calculating his offender score. We agree as to the second degree assault and felony violation of a no-contact order convictions.

We review ineffective assistance claims de novo.[2] Both the state and federal constitutions guarantee criminal defendants the right to effective assistance of

---

[1] For each felony conviction, four points were assessed for the other two felony convictions. Weldeselase's convictions for fourth degree assault counted two points, and his two prior domestic violence convictions counted two points.

[2] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

3

counsel.[3] To establish an ineffective assistance claim, a defendant must show deficient performance and resulting prejudice.[4]

Counsel's performance is deficient if it falls "below an objective standard of reasonableness."[5] To establish deficient performance, the defendant must show the absence of any conceivable legitimate tactic supporting counsel's action.[6] We strongly presume that counsel's performance was reasonable.[7] But failure to argue that several crimes encompass the same criminal conduct can constitute deficient performance.[8]

To establish prejudice, the defendant must show there is a reasonable probability that, but for the deficient performance, the outcome would have been different.[9] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[10]

The trial court generally counts multiple current offenses separately for offender score purposes unless the offenses encompass the same criminal

---

[3] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

[4] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Nichols, 161 Wn.2d 1, 8, 162 P.3d 1122 (2007).

[5] State v. Townsend, 142 Wn.2d 838, 843-44, 15 P.3d 145 (2001).

[6] Grier, 171 Wn.2d at 33.

[7] Strickland, 466 U.S. at 690; State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

[8] State v. Saunders, 120 Wn. App. 800, 824-25, 86 P.3d 232 (2004) (defense counsel's decision not to argue same criminal conduct as to the defendant's rape and kidnapping offenses constituted ineffective assistance).

[9] Nichols, 161 Wn.2d at 8.

[10] Strickland, 466 U.S. at 694; State v. Jones, 183 Wn.2d 327, 339, 352 P.3d 776 (2015) ("'reasonable probability'" means "by less than a more likely than not standard").

conduct.[11] Offenses that are considered the same criminal conduct are scored as one offense.[12] Current offenses involve the same criminal conduct when they "require the same criminal intent, are committed at the same time and place, and involve the same victim."[13] "If any element is missing, the crimes do not constitute the same criminal conduct."[14] We construe same criminal conduct "narrowly to disallow most claims that multiple offenses constitute the same criminal act."[15]

Weldeselase's offenses occurred within a limited time period and at the same place. In State v. Davis, the defendant was convicted of attempted first degree murder and first degree assault.[16] The assault occurred on a cabin's deck and along an adjacent beach. The attempted murder occurred inside the cabin and on the beach. The Davis court determined that where "the different physical locations are adjacent and within a short distance of each other," the offenses involve the same place for same criminal conduct purposes.[17] As in Davis, Weldeselase's offenses occurred within a short distance of each other. The felony violation of a court order initially occurred in the driveway as Araya exited her car, the burglary initially occurred as Weldeselase pulled Araya through the front door of the home while holding her wrist, and the second degree assault occurred in the daughter's bedroom.

---

[11] RCW 9.94A.589(1)(a).

[12] Id.

[13] Id.

[14] State v. Wright, 183 Wn. App. 719, 732-33, 334 P.3d 22 (2014).

[15] State v. Graciano, 176 Wn.2d 531, 540, 295 P.3d 219 (2013).

[16] 174 Wn. App. 623, 628, 300 P.3d 465 (2013).

[17] Id. at 644.

The second degree assault and felony violation of a court order offenses involved the same victim, Araya, but Weldeselase's burglary offense did not. In <u>State v. Lessley</u>, the defendant was convicted of, among other crimes, first degree burglary and first degree kidnapping.[18] On appeal, Lessley argued his burglary and kidnapping offenses were the same criminal conduct.[19] The <u>Lessley</u> court determined the offenses did not involve the same victim.[20] Although the kidnapping conviction involved one victim, the burglary "victimized" several victims who "were asleep in their home when Lessley pounded on the door in the middle of the night, and . . . were present when he barged in brandishing a revolver."[21] Because the burglary involved more than one victim, the <u>Lessley</u> court concluded the offenses did not constitute the same criminal conduct.[22]

As in <u>Lessley</u>, the burglary victimized both Araya and her daughter. Araya's daughter was awake in the home when Weldeselase pulled Araya through the front door by the wrist. She was also present in the bedroom when Weldeselase assaulted Araya. Because the burglary involved more than one victim, it was not the same criminal conduct as the other offenses.

Weldeselase committed the second degree assault and the felony violation of a court order at the same time and place and against the same victim. The only

---

[18] 118 Wn.2d 773, 776, 827 P.2d 996 (1992).

[19] <u>Id.</u>

[20] <u>Id.</u> at 779.

[21] <u>Id.</u>

[22] <u>Id.</u>

issue is whether Weldeselase committed these offenses with the same criminal intent.

To determine whether multiple offenses share the same criminal intent, we consider "how intimately related the crimes committed are,"[23] whether "the criminal intent, when viewed objectively, changed from one crime to the next,"[24] and "'whether one crime furthered the other.'"[25] We may also consider whether the crimes were part of the same scheme or plan and whether the defendant's criminal objectives changed.[26] Crimes may also involve the same criminal intent if they were part of a continuing, uninterrupted sequence of conduct.[27]

We conclude there is a reasonable probability that the sentencing court would determine the offenses were committed with the same criminal intent. The felony violation of a court order and the second degree assault were part of a continuing, uninterrupted sequence of conduct.[28] A reasonable probability exists that the court would conclude Weldeselase's objective criminal purpose was to assault Araya: he grabbed her the moment she exited the car, pulled her by the wrist into the home, and struck her several times in the face.[29] There is a reasonable probability that the

---

[23] State v. Burns, 114 Wn.2d 314, 318, 788 P.2d 531 (1990).

[24] Wright, 183 Wn. App. at 734.

[25] Id. (quoting State v. Vike, 125 Wn.2d 407, 411, 885 P.2d 824 (1994)).

[26] State v. Calvert, 79 Wn. App. 569, 578, 903 P.2d 1003 (1995).

[27] State v. Porter, 133 Wn.2d 177, 186, 942 P.2d 974 (1997).

[28] See id. at 185-86 (defendant's drug sales "occurred in a continuing, uninterrupted sequence of conduct as part of a recognizable scheme to sell drugs").

[29] See State v. Adame, 56 Wn. App. 803, 810-11, 785 P.2d 1144 (1990).

court would determine the felony violation of a court order furthered the offense of second degree assault.[30]

We conclude counsel's failure to argue same criminal conduct at sentencing constituted deficient performance. There is a reasonable probability that, had counsel so argued, the court would have found that the second degree assault and felony violation of a court order offenses encompassed the same criminal conduct. Therefore, we must remand for a new sentencing hearing. On remand, the trial court has full discretion to determine if Weldeselase's offenses constitute the same criminal conduct.

*Sentence for Felony Violation of Court Order*

Weldeselase contends, and the State concedes, that his sentence for felony violation of a court order exceeds the statutory maximum. We agree that the trial court exceeded its sentencing authority and accept the State's concession.

We review whether a "trial court has exceeded its statutory authority" under the Sentencing Reform Act de novo.[31] "A trial court may only impose a statutorily authorized sentence."[32] "If the trial court exceeds its sentencing authority, its actions are void."[33]

---

[30] See State v. Phuong, 174 Wn. App. 494, 548, 299 P.3d 37 (2013) (where defendant dragged the victim from her car, through the garage, and upstairs to his bedroom, the court could determine that defendant's convictions for unlawful imprisonment and attempted rape constituted the same criminal intent).

[31] State v. Murray, 118 Wn. App. 518, 521, 77 P.2d 1188 (2003).

[32] State v. Paulson, 131 Wn. App. 579, 588, 128 P.3d 133 (2006).

[33] Id.

Felony violation of a court order carries a statutory maximum sentence of five years' imprisonment.[34] Weldeselase's sentence for his felony violation of a court order conviction was 82 months, exceeding the statutory maximum by more than two years.

## CONCLUSION

We conclude Weldeselase's counsel rendered ineffective assistance by failing to argue same criminal conduct at sentencing. Because Weldeselase received ineffective assistance, we remand for resentencing, where counsel can argue that the second degree assault and felony violation of a court order offenses encompass the same criminal conduct. On remand, the sentence for felony violation of a court order shall be corrected to not exceed the statutory maximum.

We affirm Weldeselase's convictions, but remand for a new sentencing hearing.

WE CONCUR:

Trickey, J

---

[34] RCW 26.50.110(4); RCW 9A.20.021(1)(c).